UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHERRIE R. HENDERSON,
Plaintiff,

v.

GENERAL MOTORS, LLC,
Defendant.

Case No. 25-cv-10496-JST

**ORDER GRANTING MOTION TO REMAND**

Re: ECF No. 6

Before the Court is Plaintiff Sherrie R. Henderson's motion to remand. ECF No. 6. The Court will grant the motion.

## I. BACKGROUND

Henderson purchased a 2018 GM Acadia in May 2018. ECF No. 1-1 ¶ 1. She alleges that the vehicle was defective and that Defendant General Motors ("GM") failed to fulfill its warranty obligations. *Id.* ¶¶ 12–14.

Henderson filed a complaint again GM in Contra Costa County Superior Court on September 15, 2025, alleging claims under the Magnuson-Moss Warranty Act ("MMWA") and the California Uniform Commercial Code. ECF No. 1-1. The complaint does not demand a specific amount. GM removed the case on December 8, 2025, asserting that this Court has federal question jurisdiction over the MMWA claim and supplemental jurisdiction over Plaintiffs remaining claims. ECF No. 1 at 2–3.

Henderson filed this motion to remand on December 30, 2025. ECF No. 6. GM opposed on January 13, 2026. ECF No. 14. Henderson replied on January 21, 2026.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1446, a defendant may remove a civil action from state to federal court

United States District Court
Northern District of California

if the federal court has subject matter jurisdiction over the case. The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008); *see* 28 U.S.C. § 1441. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (citing *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

The Magnuson-Moss Warranty Act ("MMWA") provides a federal cause of action for express and implied warranty claims under state law. 15 U.S.C. § 2310(d)(1). "The Magnuson-Moss Act has its own jurisdictional amount-in-controversy requirement, that is, the amount must exceed $50,000 for federal jurisdiction to be exercised." *Cini v. Mercedes-Benz USA, LLC*, No. 24-CV-00288-RS, 2024 WL 1138035, at *3 (N.D. Cal. Mar. 15, 2024). The amount-in-controversy is "exclusive of interests and costs." 15 U.S.C. § 2310(d)(10).

"As with suits in diversity, for MMWA claims, we look no farther than the pleadings to determine the amount in controversy unless from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022) (quotations omitted). If the initial pleading seeks nonmonetary relief or "a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," then "the notice of removal may assert the amount in controversy," but only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* Under this standard, the defendant bears the burden of providing evidence establishing that it is more likely than not that the amount in controversy exceeds the threshold amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *see also Guglielmino v. McKee Foods Corp.*, 506

F.3d 696, 701 (2007).

"The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)); *see also Jauregui v. Roadrunner Transportation Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022) (defining the amount in controversy "as simply 'the amount at stake in the underlying litigation'" (quoting *Theis Rsch., Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005))); *Jauregui*, 28 F.4th at 994 ("Importantly, that '"[a]mount at stake" does not mean likely or probable liability; rather, it refers to possible liability.'" (quoting *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (emphasis original))). "In that sense, the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias*, 936 F.3d at 927 (emphasis in original); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (holding that the that the amount in controversy includes all amounts "'at stake' in the litigation, whatever the likelihood that [the plaintiff] will actually recover them").

## III. DISCUSSION

The Court finds that GM has not established by a preponderance of the evidence that the actual damages exceed $50,000. ECF No. 1-1 ¶¶ 15, 31.[1]

Henderson seeks actual damages, restitution, a civil penalty in the amount of two times her actual damages pursuant to Civil Code section 1794(c), consequential and incidental damages, remedies authorized by California Commercial Code sections 2711, 2712, and/or 2713, and attorney's fees. ECF No. 1. While Henderson herself does not provide an estimate for her damages, in its opposition, GM utilizes the formula given in California Commercial Code Section 2713 to estimate the damages that Henderson could recover. ECF No. 14 at 12.

[1] GM criticizes Henderson's counsel for challenging the timeliness of removal, as they apparently have in other cases. ECF No. 14 at 8–9. Henderson's counsel does not actually make that argument in *this* case, however. But GM is not the only party to have used a secondhand brief. In her motion for remand, Henderson asks that the case be remanded to the Los Angeles County Superior Court, which is neither within this district nor the court in which the case was originally filed. ECF No. 6 at 14. The Court strongly discourages the use of recycled briefs, which damage counsel's credibility with the Court.



United States District Court
Northern District of California

Henderson purchased a 2018 GMC Acadia on May 2, 2018 for $66,934. ECF No. 1-1 ¶ 6; ECF No. 14-1 ¶ 2. GM estimates that with typical financing terms, the estimated "nonspeculative total purchase price" was $80,321.20. ECF No. 14-1 ¶ 3. However, the $66,934 purchase price listed on the retail installment purchase contract submitted by GM shows that the $66,934 amount *already* includes financing charges of $10,167.30. ECF No. 14-2 at 2. Thus, $66,934, not $80,321.20, is the total purchase price. *Id.* GM next estimates that when the vehicle was first presented for repair at 12,448 miles it had an estimated fair market value of $24,480. ECF No. 14-1 ¶ 5. GM concludes, on the basis of that valuation, that Henderson would not be entitled to any additional benefit of the bargain damages as the value at repair does not exceed the consequential damages. ECF No. 14 at 13. GM also estimates that Henderson is entitled to incidental and consequential damages under section 2713, which in GM's counsel experience typically amounts to at least $5,000. ECF No. 14-1 at 6. GM also argues that attorney's fees are available under the MMWA. ECF No. 14 at 13. While GM does not provide a total estimate of damages, it estimates that an aggregate total of the total value of the vehicle for the MMWA claim along with incidental and consequential damages and attorney's fees amounts to substantially more than the $50,000 threshold for jurisdiction under the MMWA. *Id.*

Henderson disagrees with GM's damages estimate (although she provides no estimate of her own). She argues that GM fails to establish "market price at the time" Plaintiff learned of the breach pursuant to Section 2713; that GM's $5,000 "incidental and consequential damages" figure is unsupported speculation; that GM's Kelly Blue Book printout is not an accurate measure of the value of her car at 12,448 miles; and that GM cannot rely on the prospect of attorney's fees to reach the jurisdictional minimum. ECF No. 16.

Even accepting GM's figures, the Court agrees that GM does not establish by a preponderance of the evidence that the amount in controversy exceeds $50,000. "California Commercial Code Section 2713 [] provides for 'diminished value' damages measured as the 'difference between the market price at the time when the buyer learned of the breach and the contract price together with any incidental and consequential damages.'" *Rodriguez v. Gen. Motors LLC*, No. 2:25-CV-10929-HDV-SK, 2026 WL 658394, at *2 (C.D. Cal. Mar. 9, 2026)

United States District Court
Northern District of California

(citing Cal. Comm. Code § 2713(1)). Utilizing the formula provided by Section 2713, the Court estimates the amount in controversy as follows: $66,934 (total purchase price with financing) - $24,480 (market value when Henderson discovered breach) + $ 5,000 (incidental and consequential damages) = $47,454. That is the amount in controversy.

The Court has not included attorney's fees in its calculations because such fees are not automatically available under the MMWA.[2] Rather , ECF No. 14 at 13, the Ninth Circuit has held that "attorneys' fees are not 'costs' within the meaning of the MMWA and therefore may be included in the amount in controversy [only] if they are available to prevailing plaintiffs pursuant to state fee-shifting statutes." *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1148 (9th Cir. 2022). The only other cause of action in this case is for the violation of California Uniform Commercial Code, which is not a state fee-shifting statute. *See* Cal. Civ. P. § 1021 ("Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided."). Accordingly, fees are not available under the MMWA.

In short, the amount in controversy of $47,574 does not exceed the necessary threshold to establish jurisdiction under the MMWA.

**CONCLUSION**

For the foregoing reasons, the Court grants Plaintiff Henderson's motion to remand. This action is hereby remanded to the County of Contra Costa Superior Court.

**IT IS SO ORDERED.**

Dated: August 17, 2026

JON S. TIGAR
United States District Judge

---

[2] GM's counsel declares that "[b]ased on his firm's prior experience defending claims brought under the Song-Beverly Consumer Warranty Act," Plaintiff's counsel typically seeks both past and future attorneys' fees." ECF No. 14-1 ¶ 7. Plaintiff does not bring a claim in this case under the Song-Beverly Consumer Warranty Act. ECF No. 1-1.